**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO ALEXANDER GUZMAN-VASQUEZ, | No. 14-70488 |
| Petitioner, | Agency No. A044-002-033 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:      WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Julio Alexander Guzman-Vasquez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his motion to

reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Guzman-Vasquez' motion to reopen as untimely, where Guzman-Vasquez failed to raise in his opening brief, and therefore has waived, any challenge to the BIA's dispositive determinations that his motion was untimely, and that he had failed to establish that he was entitled to a regulatory exception to the deadline or equitable tolling of the motions deadline. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives a contention by failing to raise it in the opening brief).

We lack jurisdiction to review Guzman-Vasquez' 2010 removal order because this petition is not timely as to that order. *See Stone v. INS*, 514 U.S. 386, 405 (1995) (the deadline for filing a petition for review from a final order of removal is "mandatory and jurisdictional"); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996) (the court lacked jurisdiction to review underlying order of removal, where alien did not seek timely review of that order, and instead filed petition for review from the denial of a subsequent motion to reopen).

Guzman-Vasquez states he is not challenging the agency's decision not to invoke its sua sponte authority to reopen his removal proceedings but, contrary to

Guzman-Vasquez' contentions, a claim of "a gross miscarriage of justice" is not an independent ground for reopening. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011) (this court lacks jurisdiction to review challenges to the BIA's discretionary decision not to invoke its sua sponte authority); *cf. Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008) (this court retains jurisdiction to consider a "collateral attack on an underlying removal order during review of a reinstatement order if the petitioner can show that he has suffered a gross miscarriage of justice in the initial deportation proceeding" (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**